# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY E. JONES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-187-RLW |
| ) | |
| MATT BALLEW, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Larry E. Jones, Jr., an inmate at St. Charles County Jail, for leave to commence this action without payment of the required filing fee. Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will not assess an initial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account activity statement. The statement shows that he entered the St. Louis County Justice Center with a negative account balance, has made no deposits, and still carries a negative balance. As a result, the Court will not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (stating that a prisoner shall not be prohibited from bringing a civil action for the reason the prisoner has "no means by which to pay the initial partial filing fee").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper

- 2 -

legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

At the time of filing the complaint, plaintiff was a pretrial detainee at the St. Louis County Jail. He brings this action pursuant to 42 U.S.C. § 1983 against law enforcement officer Matt Ballew from the Ste. Genevieve Sheriff's Department.[1] Defendant Ballew is sued in both his individual and official capacities.

Plaintiff's complaint states that on February 21, 2018, defendant Ballew, acting in his capacity as an officer of the Ste. Genevieve Sheriff's Department, crossed the state line into Cahokia, Illinois, and entered the house of plaintiff's sister-in-law. Plaintiff states that Ballew awoke plaintiff at gunpoint. Plaintiff states:

> I placed my hands up while trying to sit up. Det. Matt Ballew aggressively, and forcefully holstered his firearm, grabbed and squeezed my right hand that was previously broken about a month earlier.... As Det. Matt Ballew was squeezing my hand and twisting my arm behind my back I felt a pop in my hand with pain. I then verbally asked Det. Ballew to be careful with my hand, explaining it was broke as he was cuffing my hands behind my back.

Plaintiff states that until this incident occurred, his left hand had been healing fine from his prior injury. After arriving at the St. Louis County Jail, medical staff x-rayed plaintiff's

---

[1] On May 25, 2018, plaintiff filed a separate complaint in this court against defendant Ballew and the Ste. Genevieve Sheriff's Department alleging false arrest, false imprisonment, and illegal search and seizure in violation of the Fourth Amendment. *See Jones v. Ballew*, No. 1:18-CV-120-CDP (E.D. Mo. filed May 25, 2018). This case was stayed and administratively closed pending final disposition of plaintiff's criminal charges. *Id.* at ECF No. 5.

hand, placed it in a half cast, and prescribed plaintiff pain medication. For damages, plaintiff seeks $250,000.00.

## Discussion

Plaintiff alleges defendant Ballew used excessive force in arresting him in violation of his constitutional rights. Having carefully reviewed and liberally construed plaintiff's claim, the Court will not issue process upon defendant Ballew, and will dismiss plaintiff's complaint under 28 U.S.C. § 1915(e).

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2008); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the contest of an arrest or investigatory stop of a free citizen."). The violation of this right is sufficient to support an action under § 1983. *See Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v., Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). Because the standard is reasonableness, these factors are fact-intensive.

Reasonableness must be judged from the perspective "of a reasonable officer on the scene," not with the 20/20 vision of hindsight. *See Graham v. O'Connor*, 490 U.S 386, 396 (1989).

Here, plaintiff states he was awoken at gunpoint and ordered out of bed by defendant Ballew. Plaintiff states he raised his hands up and detective Ballew "grabbed and squeezed [plaintiff's] right hand that was previously broken about a month earlier," and twisted his arm behind his back to place him in handcuffs. Plaintiff does not allege the handcuffs were secured too tightly. He does not allege any bruising, bleeding, or permanent physical injury as a result of the handcuffing. Plaintiff alleges merely that he was handcuffed incident to his arrest by defendant Ballew, that he heard a pop and that the handcuffing was painful. Plaintiff does not state what the later x-rays revealed, only that his hand was placed in a half cast and he was prescribed pain medication at St. Louis County Jail.[2]

For purposes of initial review, the Court will assume defendant Ballew broke plaintiff's previously-injured hand when he placed him in handcuffs incident to his arrest. Even assuming this injury, plaintiff has not made a sufficient showing that defendant Ballew violated plaintiff's Fourth Amendment rights. "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396.

Plaintiff alleges no more than defendant Ballew placed plaintiff's hands behind his back and handcuffed him. These facts are insufficient to support a finding of excessive force in

---

[2] The probable cause affidavit written by Ballew on February 22, 2018, and filed on March 12, 2018, states in relevant part that defendant had been in a motor vehicle accident on the night of February 20, 2018, and afterward had hid in the woods near the crash. Plaintiff had contacted his sister and told her "that he was in pain but didn't want to go to the hospital." Later that evening, plaintiff stole a van near the area and drove to his sister's home, where Detective Ballew found him asleep on February 21, 2018. *See State v. Jones*, No. 18SG-CR00225 (24th Jud. Cir.). Plaintiff was charged with stealing a motor vehicle (Felony D); tampering with a motor vehicle (Felony D); driving while revoked/suspended (Felony E); leaving the scene of an accident (Felony E); operating a motor vehicle in a careless and imprudent manner, involving an accident (Misdemeanor A); and failing to wear a safety belt (Infraction).

violation of the Fourth Amendment. The Eighth Circuit has rejected an excessive force claim where an officer "forcefully threw" the plaintiff to the ground, pinned him down, and placed his weight into the plaintiff's back before handcuffing him, even though the plaintiff suffering from diabetic shock and was only "passively resistant." *Wertish v. Krueger*, 433 F.3d 1062, 1068 (8th Cir. 2006). *See also Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1008 (8th Cir. 2003) (finding no excessive force in securing handcuffs so tightly they made plaintiff's hand bleed) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2000) (stating "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal."); *Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (holding as a matter of law the amount of force used during an arrest to handcuff a suspect was not excessive and would not defeat an officer's qualified immunity where the resulting injury was merely bruising); *Martin v. Gentile*, 849 F.2d 863, 869-70 (4th Cir. 1988) (concluding, as a matter of law, painful handcuffing of one resisting arrest that resulted in scrapes and bruises was not a constitutional violation)).

The fact that plaintiff had a previously-injured and delicate hand would not alter this analysis. *See Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) (rejecting an "excessive force" requirement that would be unconstitutional when applied to a citizen with a latent weakness and constitutional when applied to a hardier person; "[t]he governing rule should not turn on such unpredictable and fortuitous consequences of an officer's use of force."). The excessive force rule focuses "instead on whether *the force applied* is reasonable from the perspective of a reasonable officer on the scene at the time the force is used." *Id.* (emphasis in the original). Here, the Court will dismiss plaintiff's excessive force claim on initial review because, even liberally construed in the light most favorable to plaintiff, the facts show no

constitutional right was violated when Detective Ballew handcuffed plaintiff incident to his arrest.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of November, 2018.

Ronnie L. White
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE